USDC SCAN INDEX SHEET










BJR 6/21/00 13:54

3:00-CV-01240 KLEMZ V. USA

*1*

*CMP.*

ORIGINAL

FILED

00 JUN 20 AM 10: 13

BY: B. Reed DEPUTY

Robert F. Vaage, Esq. (St. Bar No. 106437)
Debra A. Morse, Esq. (St. Bar No. 188242)
LAW OFFICES OF ROBERT VAAGE
110 West "C" Street, Suite 2105
San Diego, California 92101
Telephone (619) 338-0505
Facsimile (619) 338-0588
E-Mail RFVAAGE@aol.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMUEL KLEMZ, a minor, by and through his Guardian ad Litem, DOUGLAS KLEMZ; and JESSICA KLEMZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA, and DOES 1 through 10,

Defendants.

Case No.: '00 CV 01240 E (LSP)

COMPLAINT FOR MONEY DAMAGES

Federal Tort Claims Act
28 U.S.C. Section 2671, *et seq.*
28 U.S.C. Section 1346(b), *et seq.*
28 U.S.C. Section 1367
28 U.S.C. 1402(c), *et seq.*

COME NOW plaintiffs, SAMUEL KLEMZ, a minor, by and through his Guardian ad Litem, DOUGLAS KLEMZ; and JESSICA KLEMZ, and for causes of action against defendants, allege as follows:

FIRST CAUSE OF ACTION

(Negligence)

1. The injuries and damages upon which this action is based occurred at the Naval Medical Center in San Diego, California.

2. DOUGLAS KLEMZ is the minor plaintiff's father. At the time of the events leading to this action he was on active duty with the United States Marine Corps. His dependents are therefore entitled to receive medical care from defendant UNITED STATES OF

AMERICA.

3. Plaintiff JESSICA KLEMZ has been married to DOUGLAS KLEMZ for five (5) years. Plaintiff JESSICA KLEMZ is therefore entitled to receive medical care from defendant UNITED STATES OF AMERICA.

4. Plaintiff SAMUEL KLEMZ, by and through his Guardian ad Litem, DOUGLAS KLMEZ, is a dependent child of DOUGLAS KLEMZ, and as such is entitled to receive medical care from defendant UNITED STATES OF AMERICA.

5. At all times herein mentioned, defendant UNITED STATES OF AMERICA was, and now is, a sovereign entity responsible for the management and operation of the Naval Medical Center, in San Diego, California.

6. This action is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*, and 28 U.S.C. Section 1346(b), *et seq.*, to provide subject matter jurisdiction. Further, this court has supplemental jurisdiction over DOE defendants 1 through 10 in accordance with 28 U.S.C. Section 1367.

7. The residence and domicile of plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ was at all times applicable the County of San Diego, State of California, Southern District of California, in accordance with 28 U.S.C. Section 1402(b).

8. The amount in controversy herein, exclusive of interest and costs, exceeds the sum of $10,000.00.

9. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this

complaint to show the true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for events and happenings herein referred to and caused the damages herein alleged.

10. The acts and conduct herein alleged were performed by defendants, or agents and employees of defendants acting in the course and scope of said agency and employment and with the knowledge and consent of defendants. Further, defendants are estopped from denying their liability for the facts and conduct alleged as a result of their affirmative misrepresentation and affirmative concealment of material facts regarding the circumstances giving rise to plaintiffs' injuries, including but not limited to acts of evasion, falsehood, and the alteration of documents relating to the identity and status of personnel who provided care and treatment to plaintiffs SAMUEL KLEMZ, and JESSICA KLEMZ.

11. On or about January 5, 1998, plaintiff JESSICA KLEMZ came under the care and treatment of defendants. Plaintiff employed defendants to care for and treat her, and her unborn son, plaintiff SAMUEL KLEMZ, and to do all things necessary and proper in connection therewith.

12. Defendants so negligently and carelessly cared for and treated, as well as negligently supervised the care and treatment of, plaintiffs JESSICA KLEMZ, and SAMUEL KLEMZ, so as to cause plaintiffs to suffer severe injuries.

13. The negligence and carelessness of defendants consisted of the failure to use, and to insist upon the use of, that degree

of skill and care ordinarily used by health care professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances. Further, defendants were negligent in the maintenance, inspection, and use of equipment necessary and proper in connection with the care and treatment of plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ.

14. As a legal result of the negligence and carelessness of defendants, plaintiff JESSICA KLEMZ was hurt and injured in her health, strength, and activity sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause plaintiff permanent injury in her health and physical ability, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $10,000.00.

15. As a legal result of the negligence and carelessness of defendants, plaintiff SAMUEL KLEMZ was hurt and injured in his health, strength, and activity, sustaining injuries to his body and shock and injury to his nervous system and person, all of which have caused, and continue to cause plaintiff permanent injury in his health and physical ability, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to his general damage in an amount in excess of $10,000.00.

16. As a further legal cause of the negligence and carelessness on the part of defendants, plaintiffs were each required to and did incur medical, nursing, and incidental expenses and were each further required to employ the services of friends

and family members to provide nursing and related services. The exact amount of such expenses are unknown to plaintiffs at this time inasmuch as the same is continuing and plaintiffs will seek leave of the court to prove said amount at the time of trial.

17. As a further legal result of the negligence and carelessness on the part of defendants, plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ were permanently hurt and injured in their health and physical ability, thereby causing a loss of future earnings, all to their damage in an amount to be proven at the time of trial.

18. On or about December 20, 1999, plaintiffs submitted a claim to the Naval Medical Center San Diego. Defendant UNITED STATES OF AMERICA has failed to make a final disposition of said claim and plaintiffs hereby deem defendant's failure to act as a final denial of the claim.

SECOND CAUSE OF ACTION

(Lack of Informed Consent)

19. Plaintiffs refer to, reallege, and incorporate herein by reference each and every allegation contained in paragraphs 1 through 18 of the First Cause of Action as though fully set forth herein.

20. Defendants, and each of them, failed to disclose to plaintiff JESSICA KLEMZ sufficient information concerning the risks of possible complications and the alternatives to their approach to the care, treatment, and follow up care so as to enable her to make an informed decision regarding it.

21. Had such information been disclosed to plaintiff JESSICA KLEMZ, she would have withheld consent to said treatment as would a reasonably prudent person under the same or similar

circumstances.

22. As a legal result of the failure of defendants, and each of them, to obtain an informed consent from plaintiffs, plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ were hurt and injured in their health, strength, and activity sustaining injury to their bodies and shock to their nervous system and person, all of which have caused, and continue to cause, said plaintiffs great mental and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to their general damages in an amount in excess of $25,000.00.

23. As a further legal result of failure of defendants, and each of them, to obtain an informed consent from plaintiffs, plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ were required to, and did employ physicians, surgeons, and other health care providers to examine, treat, and care for them and did incur medical, nursing, and incidental expenses and was further required to employ the services of friends and family members to provide nursing and related services. The exact amount of such expense is unknown to plaintiffs at this time inasmuch as the same is continuing and plaintiffs will seek leave of court to prove said amount at the time of trial.

24. As a legal result of the failure of defendants, and each of them, to obtain an informed consent from plaintiffs, plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ were permanently hurt and injured in their health and physical ability, thereby causing a loss of future earnings, all to their damage in an amount to be proven at the time of trial.

///

THIRD CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

25. Plaintiffs refer to, reallege, and incorporate herein by reference each and every allegation contained in the First and Second Causes of Action as though fully set forth herein.

26. Plaintiff JESSICA KLEMZ is the mother of plaintiff SAMUEL KLEMZ. Plaintiff JESSICA KLEMZ retained the services of defendants, and each of them, to handle the circumstances of her labor and delivery. She was awake during the ultimate delivery of her child on January 5, 1998. As a result of the negligence of the defendants, and each of them, plaintiff JESSICA KLEMZ observed and witnessed the injuries being inflicted on her child and was then aware that they were as a result of the negligence of the defendants. Defendants, and each of them, breached the duty arising from their professional and fiduciary relationship with plaintiff JESSICA KLEMZ.

27. As a direct result of the conduct of the defendants, and each of them, plaintiff JESSICA KLEMZ has suffered severe emotional and psychological distress as a result of the sensory and contemporaneous observation of her child's injuries.

28. As a further direct result of the aforementioned conduct of defendants, and each of them, plaintiff JESSICA KLEMZ has suffered, and continues to suffer, injury to her health, strength, and activity, and continues to suffer severe psychological and emotional injury, shock, chagrin, worry, fright, apprehension, and depression of a permanent and lasting nature, all to her damage in an amount in excess of $25,000.00.

///

WHEREFORE, plaintiffs pray judgment against defendant as follows:

1. For general and special damages as to plaintiffs JESSICA KLEMZ and SAMUEL KLEMZ in an amount to be proven at the time of trial;

2. For pre-judgment interest as allowed by law;

3. For costs of suit incurred herein, and

4. For such other and further relief as the court may deem just and proper.

DATED: June 20, 2000

LAW OFFICES OF ROBERT VAAGE

By: ______________________
Robert F. Vaage
Attorney for Plaintiffs

ORIGINAL

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS SAMUEL KLEMZ, a minor, by and through his Guardian ad Litem, DOUGLAS KLEMZ; and JESSICA KLEMZ,

DEFENDANTS UNITED STATES OF AMERICA, and DOES 1 through 10,

00 JUN 20 AM 8:17

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Wayne Cty ~~(Michigan)~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LAW OFFICES OF ROBERT VAAGE
110 W. C St., Suite 2105
San Diego, CA 92101
(619) 338-0505

ATTORNEYS (IF KNOWN)

'00 CV 01240 E (LSP)

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq., and 28 U.S.C. Section 1346(b), et seq.; Medical Malpractice

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS — PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☒ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prisoner Conditions

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ (Proof) Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE June 20, 2000 SIGNATURE OF ATTORNEY OF RECORD [signature]
Robert F. Vaage

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Ck 6/21/00 16345 BKL 150 -